IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHERYL L. SPIVEY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:22-cv-00923-X (BT) |
| | § | |
| NFN NLN, | § | |
| Defendant. | § | |

| | | |
|---|---|---|
| CHERYL L. SPIVEY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:22-cv-00936-S (BT) |
| | § | |
| TD JAKES MINISTRIES., | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Cheryl L. Spivey continues her serial litigation activity. In two cases referred to the undersigned for pretrial management, Spivey failed to establish subject matter jurisdiction exists. She also failed to comply with a court order. The Court should therefore dismiss these cases (Case Numbers 3:22-cv-923-X-BT and 3:22-cv-936-S-BT) without prejudice and warn Spivey that she may be sanctioned and/or barred from filing new cases if she continues her vexatious conduct.

1

## Background

Over the span of two days in April 2022, Spivey filed four *pro se* civil lawsuits in the Northern District of Texas. Two of those cases, Case Numbers 3:22-cv-924-S-BN and 3:22-cv-935-D-BN, have already been dismissed for lack of subject-matter jurisdiction.

On April 26, 2022, Spivey filed Case Number 3:22-cv-923-X-BT in this Court. Along with her complaint, she filed a motion to proceed *in forma pauperis*. (Case Number 3:22-cv-923-X-BT, ECF No. 4.) Spivey did not sign or date her motion to proceed *in forma pauperis*, but it was otherwise complete. On April 28, the Court issued an Order and Notice of Deficiency, which ordered Spivey to file a complaint in compliance with Federal Rule of Civil Procedure 8(a) and pay the $402.00 filing fee or file a proper motion to proceed *in forma pauperis*. (Case Number 3:22-cv-923-X-BT, ECF No. 5.) The order informed Spivey that failure to respond and cure the deficiencies by May 30 could result in a recommendation that her case be dismissed.

On April 27, 2022, Spivey filed Case Number 3:22-cv-936-S-BT in this Court. Along with her complaint, she filed a proper motion to proceed *in forma pauperis*. (Case Number 3:22-cv-936-S-BT, ECF No. 4.) The next day, the Court granted her motion to proceed *in forma pauperis*. (Case Number 3:22-cv-936-S-BT, ECF No. 6.) The Court also issued an Order and Notice of Deficiency, which ordered Spivey to file a complaint in compliance

with Federal Rule of Civil Procedure 8(a). (Case Number 3:22-cv-936-S-BT, ECF No. 7.) The Court informed Spivey that failure to respond and cure the deficiency by May 30 could result in a recommendation that her case be dismissed.

## Legal Standards and Analysis

### Subject Matter Jurisdiction

The Court *sua sponte* considers whether it has subject-matter jurisdiction.

Federal courts have limited subject-matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation. *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *see also Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Federal courts are obliged to examine the basis for the exercise of federal subject-matter jurisdiction. *Smith v. Texas Children's Hosp.*, 172 F.3d 923, 925 (5th Cir. 1999). A federal district court may examine its subject-matter jurisdiction over a matter, *sua sponte*, at any time. *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999) (a court must raise the issue *sua sponte* if it discovers that it lacks subject-matter jurisdiction); *see also MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990) ("Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte*, at any time.").

Federal district courts have original jurisdiction over two types of cases: (1) cases that arise under federal law, generally referred to as "federal question jurisdiction," and (2) cases in which the amount in controversy exceeds $ 75,000 and there is complete diversity of citizenship among the parties ("diversity jurisdiction"). 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1332(a) (diversity jurisdiction); *see also Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). There is a presumption against subject-matter jurisdiction, and it must be rebutted by the party filing an action in federal court. *See Coury*, 85 F.3d at 248. "The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists." *Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986); *see also St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

When a litigant is proceeding *pro se*, the court must liberally construe his pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing that *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than pleadings drafted by lawyers"); *see also Pena v. United States*, 122 F.3d 3, 4 (5th Cir. 1997) ("Because [the party] is *pro se*, we construe his pleadings liberally.") (citing *Nerren v. Livingston Police Dep't*, 86 F.3d 469, 472 & n.16 (5th Cir. 1996)); *Hernandez v. Maxwell*, 905 F.2d 94, 96 (5th Cir. 1990) (citing *Haines v. Kerner*, 404 U.S. 519 (1972), and noting that it calls for an expansive reading of *pro se* pleadings).

When determining whether federal-question jurisdiction exists, it "must be determined by reference to the 'well pleaded complaint.'" *Merrell Dow Pharms. Inc. v . Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). This means that the complaint must "raise issues of federal law sufficient to support federal question jurisdiction." *Rodriquez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993). Generally, there is no federal jurisdiction when the plaintiff pleads only a state law cause of action. *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

In Case Number 3:22-cv-923-X-BT, Spivey alleges, "Dallas Lawyer Hit My Vehicle in 2010." Compl. (ECF No. 3) 1. She further alleges that the lawyer "Left [the] Scene" and "its [sic] on file". *Id.* Spivey claims that the lawyer "won [the] case cause his picture depicts the New Elm & Field not the old 1 way when accident happened". *Id.* She further claims that "Mothers against Drunk Driving has all done". *Id.* In her Civil Cover Sheet, Spivey represents that she is a citizen of this state, and her claims involve "assault, libel & slander". *Id.* 2. Under the summary of her cause of action, she states "Lawyer Left Scene after hitting my car". *Id.*

In Case Number 3:22-cv-936-S-BT, Spivey alleges that she attended the Dallas Campus of T.D. Jakes's Ministries for "20 some" years. *Id.* 1. Her van broke down on the church property before she could pull it into a parking space. The parking lot attendants and security responded by surrounding her, and they made her "flee." *Id.* Spivey was advised that they

were going to tow her van. She claims that after she eventually got parked, they "trespassed" her. *Id.* Spivey alleges that she was able to get a "Dallas Deputy Chief" to "overturn[ ]" this decision. *Id.* She further alleges that she cannot go back to T.D. Jakes's church because she is too embarrassed and humiliated. Spivey further alleges they "piss[ed]" [her] [off]." *Id.* She concludes that due to the actions taken by T.D. Jakes's Ministries, she missed an entrepreneur conference with Tyler Perry that was hosted by T.D. Jakes in Charlotte. Spivey explains that she "did not feel safe to go." *Id.* In her Civil Cover Sheet, she represents that she is a citizen of this state, and she also states that her claims implicate the Americans with Disabilities Act (ADA). *Id.* 2. Under her cause of action, Spivey states, "Threatening Manor [sic] towards person under a disability". *Id.*

Spivey fails to sufficiently plead facts supporting federal question jurisdiction. She marked on her Civil Cover Sheet in Case Number 3:22-cv-936-S-BT that her case involves the ADA, but she alleges only state law causes of action in both cases. And, according to Spivey, Case Number 3:22-cv-923-X-BT involves assault, libel, and slander. Her bare reference in Case Number 3:22-cv-936-S-BT to the ADA is inconsistent with her other assertions and her factual allegations. Likewise, her bare reference to the ADA is not sufficient, by itself, to confer subject-matter jurisdiction on the Court. Additionally, Spivey implies in Case Number 3:22-cv-936-S-BT that

she suffers from a disability, but she does not state what disability she allegedly suffers from.

Spivey also fails to plead facts demonstrating subject-matter jurisdiction based on diversity jurisdiction. "Diversity jurisdiction under 28 U.S.C. § 1332 only exists where the parties are citizens of different states and the amount in controversy exceeds $ 75,000." *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003). When the asserted basis of federal jurisdiction is the diversity of the parties under § 1332, the party seeking to invoke federal diversity jurisdiction bears the burden of establishing that the parties are diverse and the amount in controversy exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). In Case Numbers 3:22-cv-923-X-BT and 3:22-cv-936-S-BT, Spivey claims that she is a citizen of this state, but she does not state whether the defendants are. (Case Number 3:22-cv-923-X-BT, ECF No. 3 at 2; Case Number 3:22-cv-936-S-BT, ECF No. 3 at 2.) In Case Number 3:22-cv-923-X-BT, Spivey alleges, "Dallas Lawyer Hit My Vehicle in 2010." Compl. (ECF No. 3). Similarly, in both cases, Spivey does not state what relief she seeks, and she does not suggest that she is seeking monetary damages. She does not meet her burden of demonstrating that the amount in controversy exceeds $75,000. *See Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (noting the party invoking federal jurisdiction must establish the amount in controversy is above $75,000 by a preponderance of the

evidence). For these reasons, Spivey has failed to meet her burden of showing the parties are diverse and the amount in controversy exceeds $75,000.

In sum, even under the most liberal construction, Spivey has failed to allege facts supporting either federal question or diversity jurisdiction. Spivey's complaints in Case Numbers 3:22-cv-923-X-BT and 3:22-cv-936-S-BT should therefore be dismissed *sua sponte* for lack of subject-matter jurisdiction.

<u>Rule 41(b)</u>

Also, in both of her cases, Spivey has failed to obey a court order and also failed to prosecute. Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Spivey has failed to comply with the Court's orders. In Case Number 3:22-cv-923-X-BT, Spivey failed to pay the $402.00 filing fee or file a proper motion for leave to proceed *in forma pauperis*. In both cases, she failed to file a complaint in compliance with Rule 8(a), which requires a short and plain statement of a claim showing she is entitled to relief. Fed. R. Civ. P. 8(a)(2). The Court cannot screen these two cases, and thus litigation cannot proceed, until Spivey cures these deficiencies. Dismissal without prejudice is warranted under these circumstances. Therefore, the Court should dismiss Case Numbers 3:22-cv-923-X-BT and 3:22-cv-936-S-BT under Rule 41(b).

### Sanctions

As noted, Spivey has filed four *pro se* civil lawsuits in the Northern District of Texas. She filed two lawsuits on April 26, 2022, and two more the next day, on April 27, 2022. When frivolous filings are received and addressed by a court, it impinges on the court's limited resources, and a court has a responsibility to ensure its resources are allocated in a manner to promote the interests of justice. *See Martin v. Dist. of Columbia Court of Appeals*, 506 U.S. 1, 3 (1992) (per curiam) ("Every paper filed with the Clerk of this Court, no matter how repetitive or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.") (quoting *In re McDonald*, 489 U.S. 180, 184 (1989) (per

curiam)); *see also Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)
(review of a trial court's sanctions against vexatious or harassing litigants is
addressed under the lenient standard of abuse of discretion standard) (citing
*Gelabert v. Lynaugh*, 894 F.2d 746, 747 (5th Cir. 1990) (per curiam));
*Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986) (*Pro
se* litigants have "no license to harass others, clog the judicial machinery with
meritless litigation, and abuse already overloaded court dockets."). Spivey is
advised that her frivolous filings in this Court are an abuse of this Court's
limited resources. **Therefore, Spivey is warned that if she continues
to file frivolous *pro se* cases in this Court, sanctions and/or a
filing bar may be imposed.**

## Conclusion

For the reasons stated, the Court should DISMISS Case Numbers
3:22-cv-923-X-BT and 3:22-cv-936-S-BT without prejudice.

**SO RECOMMENDED**.

June 3, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).*